```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEPHANIE RAYMOND,

                            Plaintiff,                 23-cv-3316 (PKC)

         -against-                                     ORDER

ESSEN FOODS, INC. and FRANKLIN BH, LLC,


                            Defendant.
-----------------------------------------------------------------x
```

CASTEL, U.S.D.J.

      The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the Court to raise issues of subject matter jurisdiction sua sponte.

      This is an action originally brought in the Supreme Court of the State of New York, County of New York and removed to this Court by fewer than all defendants. According to the Notice of Removal, jurisdiction is premised on diversity of citizenship. Several defects appear on the face of the Notice of Removal and in the state court pleadings.

      1. <u>Failure to allege the citizenship of an LLC defendant</u>

      The Verified Complaint—initially filed in state court and attached to the Notice of Removal—alleges that defendant Franklin BH, LLC is "a domestic limited liability company duly organized and existing under and by virtue of the laws of the state of New York." (Compl. (ECF 1-1) ¶ 15) In its Verified Answer, Franklin BH, LLC admits this allegation. (Answer (ECF 1-2) at 1) Where a complaint premised upon diversity of citizenship names a limited liability company as a party, the complaint must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company.

1

See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). There are no allegations in the Complaint regarding the citizenship of the members of Franklin BH, LLC, nor are these details included in the Notice of Removal.

The Notice of Removal instead simply states that "Franklin BH, LLC is a Delaware Corporation with its principal place of business in New York." (Notice of Removal (ECF 1) ¶ 13)  Because a limited liability company, or LLC, is not a corporation, the allegation appears internally inconsistent.  If Franklin BH, LLC is not a limited liability company, it shall submit an affidavit with documentary evidence establishing that it is a corporation rather than an LLC.  If it is an LLC, it shall allege the citizenship of each member.

2.   Failure to allege the citizenship of an individual defendant

Separately, the Complaint does not expressly allege the citizenship of the individual plaintiff, Stephanie Raymond.  It states that "Plaintiff is a resident of the State of South Carolina."  (Compl. ¶ 1)  The Notice of Removal does not include any additional specific details regarding Raymond's citizenship, other than asserting she is not a citizen of New York. (Notice of Removal ¶¶ 11, 15)  An individual's citizenship is determined by her domicile, which is "the place where a person has [her] true fixed home and principal establishment, and to which, whenever [she] is absent, [she] has the intention of returning."  Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted).  However, "[d]omicile is not synonymous with residence; a party can reside in one place and be domiciled in another." Kennedy v. Trs. Of Testamentary Tr. of Will of Kennedy, 633 F. Supp. 2d 77, 81 (S.D.N.Y.

2009) (Pauley, J.) (citing Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 47–49 (1989)).  Plaintiff's citizenship has not been adequately alleged.

    3.   Failure of all defendants to join in the Removal Petition

Section 1446 requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); see Taylor v. Medtronic, Inc., 15 F.4th 148, 150 (2d Cir. 2021) (referring to this statutory requirement as the "rule of unanimity" and noting that "common law long required all defendants to consent to removal"); see also Chi., Rock Island, & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247–48 (1900) ("And in view of the language of the statute we think the proper conclusion is that all the defendants must join in the application under either clause."); Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.) ("[A]ll of the defendants in the state-court action must consent to the removal . . .").  Not all defendants have joined in or consented to the removal petition.

    4.   Potentially Impermissible Removal by In-State Defendant

Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  If any of the members of Franklin BH, LLC are citizens of New York—the state under whose laws the limited liability company is organized—then removal is improper.

\* \* \* \*

Within seven (7) days of this Order, defendant Franklin BH, LLC may serve a single interrogatory upon plaintiff as to her citizenship; plaintiff shall serve her response to the interrogatory within seven (7) days.  Within thirty (30) days of this Order, Franklin BH, LLC

shall amend its removal petition to correct the jurisdictional deficiencies and/or omissions. If by this date, Franklin BH, LLC either fails to amend or is unable to amend to truthfully allege complete diversity of citizenship, then the action will be remanded to state court for lack of subject matter jurisdiction without further notice to any party.

Within five (5) days of this Order, defendant Franklin BH, LLC shall serve a copy of this Order upon counsel for plaintiff and shall file an affidavit of service with the Court.

**Plaintiff is advised that the defects asserted in sections 3 and 4 are waived unless timely raised in a proper motion to remand.** See 28 U.S.C. § 1447(c).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 25, 2023